**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2078-22

JOSEPH W. LANCASTER,

 Plaintiff-Respondent,

v.

JODY A. LANCASTER,

 Defendant-Appellant.

_____

Submitted May 28, 2024 – Decided September 13, 2024

Before Judges DeAlmeida and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FM-13-1213-21.

Law Offices of August J. Landi, attorneys for appellant (August J. Landi, of counsel and on the brief).

Law Office of Steven P. Monaghan, LLC, attorneys for respondent (Kristin S. Pallonetti, on the brief).

PER CURIAM

Defendant Jody Lancaster appeals from a post-judgement matrimonial order denying defendant's request for an equitable remedy for the sale of a three-horse trailer, referral to economic mediation, and counsel fees. We affirm.

The parties were married on May 25, 1985 and share three emancipated children. The parties attended economic mediation and resolved all outstanding issues. The agreed-upon terms were reduced to a term sheet that was to be incorporated into a formal marital settlement agreement. The term sheet was incorporated into the final judgment of divorce entered on June 30, 2022.

As part of the settlement, defendant retained the equestrian stable business inclusive of the equipment and the horses. Plaintiff retained a tractor, the three-horse trailer, and three horses. Relevant to this appeal, paragraph 1 of the term sheet provides:

> [Plaintiff] shall take possession of the Adam three[-] horse trailer. The trailer is currently titled in [plaintiff's] individual name. [Plaintiff] shall assume responsibility for the existing liability on the trailer effective the signing of this term sheet. [Plaintiff] further agrees that [defendant] shall be permitted use and access of the three[-]horse trailer upon 24 hours['] notice. The right to use of this trailer is an intrinsic aspect of the global resolution[,] and [plaintiff] shall not preclude [defendant's] access. If [plaintiff] transfer[s] this three[-]horse trailer for another three[-] horse trailer, he shall continue to provide defendant access to use of the future purchased trailer.

2

On October 20, 2022, plaintiff took possession of the three-horse trailer. The next day, defendant requested access and use of the trailer via text message to transport five horses to competitions in New Jersey. In a reply, plaintiff told defendant the three-horse trailer was sold, and a two-horse trailer was purchased. Plaintiff contends that his truck could not pull the three-horse trailer.

Approximately two months later, defendant moved to enforce paragraph 1 of the term sheet and sought an equitable or comparable remedy and counsel fees. Plaintiff opposed and cross-moved to deny defendant's motion in its entirety and likewise sought counsel fees. After considering the parties' submissions, on February 3, 2023, the Family Part judge entered an order accompanied by a written opinion granting enforcement of Paragraph 1. The judge reasoned the term sheet was "clear and ambiguous" regarding defendant's use of the three-horse trailer. In denying the equitable remedy, the judge found the term sheet did not preclude the sale of the trailer or provide an equitable or comparable remedy for the sale of the trailer. The judge also denied defendant's request for counsel fees, finding plaintiff did not sell the trailer in bad faith. Rather, the trailer was sold because plaintiff could not tow a three-horse trailer. Defendant's request for counsel fees is not the subject of this appeal.

A-2078-22

Defendant raises three arguments on appeal. First, defendant argues the trial court erred by failing to enforce the plain meaning of the parties' term sheet, which led to a manifestly unjust result. Second, the trial court committed prejudicial error by denying defendant's request for equitable or comparable compensation for the loss of use and access to the three-horse trailer. Lastly, the judge's conclusory statements are inadequate to support findings of fact or conclusions of law.

Our scope of review of Family Part orders is narrow. Cesare v. Cesare, 154 N.J. 394, 412 (1998). We "accord particular deference to the Family Part because of its 'special jurisdiction and expertise' in family matters." Harte v. Hand, 433 N.J. Super. 457, 461 (App. Div. 2013) (quoting Cesare, 154 N.J. at 412). We will not overturn the Family Part's findings of fact when they are "supported by adequate, substantial, credible evidence." Cesare, 154 N.J. at 411-12 (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)). We disturb the Family Part's factual findings and legal conclusions that flow from them unless they are "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Ricci v. Ricci, 448 N.J. Super. 546, 564 (App. Div. 2017) (quoting Elrom v. Elrom, 439 N.J. Super. 424, 433 (App. Div.

A-2078-22

2015)).  However, "all legal issues are reviewed de novo."  Id. at 565 (quoting

Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013)).  Thus, "[w]e will

reverse only if we find the trial judge clearly abused his or her discretion."  Clark

v. Clark, 429 N.J. Super. 61, 72 (App. Div. 2012).

Matrimonial settlement agreements are governed in part by basic contract

principles.  J.B. v. W.B., 215 N.J. 305, 326 (2013).  "[W]hen the intent of the

parties is plain and the language is clear and unambiguous, a court must enforce

the agreement as written, unless doing so would lead to an absurd result."  Quinn

v. Quinn, 225 N.J. 34, 45 (2016).  "[A] court should not rewrite a contract or

grant a better deal than that for which the parties expressly bargained."  Ibid.

Defendant relies on the language from paragraph 1 that states:  "[t]he right

to use of this trailer is an intrinsic aspect of the global resolution[,] and [plaintiff]

shall not preclude [defendant's] access."  Defendant contends that language

required plaintiff maintain the trailer for defendant's access.  We agree with the

Family Part judge that paragraph 1 of the term sheet expressly gave plaintiff the

right to possess and sell the horse trailer as the titled owner.  The term sheet

expressly granted defendant access to and use of a three-horse trailer.

Defendant's access and use of a three-horse trailer was limited to the trailer

retained from the divorce and a replacement three-horse trailer, nothing more.

Moreover, defendant produced no proofs to refute plaintiff's statement that his truck was unable to tow the three-horse trailer. The record does not establish any malintent or a nefarious motive on the part of plaintiff. We agree with the trial judge that plaintiff did not sell the trailer in bad faith. We conclude plaintiff did not breach the term sheet because he had a right to sell the trailer as the title owner, and therefore, we have no cause to disturb the judge's ruling.

Defendant's challenge to the judge's written decision on Rule 1:7-4 grounds lack merit. Having reviewed the record, we were afforded meaningful appellate review. We hold the judge's written decision adequately set forth the factual findings and legal conclusions for enforcing paragraph 1, denying equitable or comparable relief, and counsel fees for both parties.

Defendant's remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-2(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-2078-22